FILED 23 FEB '17 13:52 USDC-ORP

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

### PORTLAND DIVISION

**UNDER SEAL**

UNITED STATES OF AMERICA

      v.

**MICHAEL EDWARD BOWMAN,**

      **Defendant.**

3:17-CR- $\underline{00068 - MO}$

**INDICTMENT**

**26 U.S.C. §§ 7201 and 7203**

**UNDER SEAL**

### THE GRAND JURY CHARGES:

### INTRODUCTORY ALLEGATIONS

At all times relevant to this indictment:

1.    Defendant **MICHAEL EDWARD BOWMAN** (hereinafter **BOWMAN**), a resident of the State and District of Oregon, was self-employed as a computer software developer.

2.    Filings with the Oregon Secretary of State Corporation Division, reflect that defendant **BOWMAN** was the sole registrant, owner, and authorized representative for Vertical Works. According to the corporate filings, Vertical Works engaged in software engineering and project management services beginning in January of 2006. Between October 30, 2008 and October 31, 2016, Vertical Works listed its primary place of business as 22025 SW Cole Court, Tualatin, Oregon. Defendant **BOWMAN** lived at the Cole Court, Tualatin residence and performed work on behalf of Vertical Works clients from his home office.

3. Defendant **BOWMAN** has not filed a timely or accurate federal U.S. Individual Income Tax Return since at least tax year 1997.

4. For tax year 1999, defendant **BOWMAN**'s employers reported to the Internal Revenue Service (hereinafter "IRS") that defendant **BOWMAN** received taxable wages of at least $115,000. Because defendant **BOWMAN** failed to file a timely U.S. Individual Income Tax Return for tax year 1999, the IRS prepared a Substitute for Return for defendant **BOWMAN** on April 22, 2002. The IRS issued defendant **BOWMAN** written notice of their intent to collect on the tax due and owing for 1999.

5. For tax year 2000, defendant **BOWMAN**'s employers reported to the IRS that they paid at least $85,656 in taxable wages, or taxable distributions from retirement plans, to defendant BOWMAN. Because defendant **BOWMAN** failed to file a timely U.S. Individual Income Tax Return for tax year 2000, the IRS prepared a Substitute for Return for defendant BOWMAN on August 12, 2002. The IRS issued defendant **BOWMAN** written notice of their intent to collect on the tax due and owing for 2000.

6. For tax year 2001, defendant **BOWMAN**'s employers reported to the IRS that they paid at least $215,197 in taxable wages to defendant **BOWMAN**. Because defendant **BOWMAN** failed to file a timely U.S. Individual Income Tax Return for tax year 2001, the Internal Revenue Service prepared a Substitute for Return for defendant **BOWMAN** on June 9, 2003. The IRS issued defendant **BOWMAN** written notice of their intent to collect on the tax due and owing for 2001.

7. On or about July 15, 2003, defendant **BOWMAN** purchased a "Claim of Right" services package from Joseph Saladino DBA the "Freedom and Privacy Committee" (hereinafter "FPC"). On or about July 28, 2003, with assistance from FPC, defendant **BOWMAN** sent the

**INDICTMENT** – *United States v. Michael Edward Bowman*                                    **Page 2**

IRS a false tax year 1999 U.S. Individual Income Tax Return and Amended U.S. Individual Income Tax Return. This return fraudulently claimed deductions equal to the full amount of defendant **BOWMAN**'s taxable income and asserted a false claim for a $9,237.00 refund.

8.      On or about August 5, 2003, with assistance from FPC, defendant **BOWMAN** sent the IRS a false tax year 2000 U.S. Individual Income Tax Return and Amended U.S. Individual Income Tax Return. This return fraudulently claimed deductions equal to the full amount of defendant **BOWMAN**'s taxable income and asserted a false claim for a $13,143.00 refund.

9.      On or about August 15, 2003, with assistance from FPC, defendant **BOWMAN** sent the IRS a false tax year 2001 U.S Individual Income Tax Return. This return fraudulently claimed deductions in excess of defendant **BOWMAN**'s taxable income, resulting in a false claim for a $8,105.00 refund.

10.     For tax year 2008, defendant **BOWMAN**'s clients reported to the IRS that they paid at least $163,260 in compensation to defendant **BOWMAN**. Because defendant **BOWMAN** failed to file a timely U.S. Individual Income Tax Return for tax year 2008, the IRS prepared a Substitute for Return for defendant **BOWMAN** on December 27, 2010. The IRS issued defendant **BOWMAN** written notice of their intent to collect on the tax due and owing for 2008.

11.     For tax year 2009, defendant **BOWMAN**'s clients reported to the IRS that they paid at least $128,070 in compensation to defendant **BOWMAN**. Because defendant **BOWMAN** failed to file a timely U.S. Individual Income Tax Return for tax year 2009, the IRS prepared a Substitute for Return for defendant **BOWMAN** on November 14, 2011. The IRS

issued defendant **BOWMAN** written notice of their intent to collect on the tax due and owing for 2009.

12. Between calendar years 2002 and 2014, the IRS sent many notices to defendant **BOWMAN**. Those notices include, but are not limited to: 1) notice of tax due and owing, 2) notice of adjustments and penalties, 3) notice of intended collection actions, and 4) notices of lien filings.

13. On or about November 1, 2013 and November 3, 2013, in response to an IRS collection action, defendant **BOWMAN** left two voicemail messages for the IRS Revenue Officer assigned to defendant **BOWMAN**'s case. Defendant **BOWMAN** stated that he refused to pay his taxes.

14. After defendant **BOWMAN**'s "Claim of Right" tax avoidance scheme failed, defendant **BOWMAN** began to assert that he refused to pay taxes because the payment of taxes interfered with his religious beliefs and his right to practice religion.

15. Since calendar year 2002, IRS representatives, Oregon state taxing authorities, and the Oregon State Courts have informed defendant **BOWMAN** multiple times that his theories regarding his non-payment of taxes are frivolous, not objectively reasonable, and not supported by law.

16. On or about May 4, 2015, defendant **BOWMAN** created a video called "My Defense." In that video, defendant **BOWMAN** claims that his constitutional right to practice religion trumps his legal obligation to pay taxes.

/ / /

/ / /

/ / /

**INDICTMENT** – *United States v. Michael Edward Bowman* **Page 4**

## COUNT ONE
### (Evasion of Income Tax)
### (26 U.S.C. § 7201)

17.     Paragraphs One through Sixteen (16) of the Introductory Allegations are incorporated herein.

18.     From on or about 1999, the exact date being unknown to the Grand Jury, and continuing until the date of this indictment, in the District of Oregon, defendant **MICHAEL EDWARD BOWMAN** did willfully attempt to evade and defeat the payment of his individual income tax due and owing by him to the United States of America for tax years 1999, 2000, 2001, 2008 and 2009, in an amount of at least $356,857.47, which includes assessed interest and penalties, by committing and causing to be committed affirmative acts of evasion, including but not limited to:

      a.     Beginning on or about January 20, 2012, and continuing until on or about December 3, 2013, defendant **BOWMAN** cashed thirty (30) income checks totaling $68,080 in 2012 and $86,030 in 2013. Defendant **BOWMAN** cashed these checks, instead of depositing this income in a bank account, to thwart income tax collection actions and efforts by the IRS.

      b.     Beginning on or about April 2, 2012, and continuing through June 19, 2013, defendant **BOWMAN**, transacted sixteen (16) income checks at the bank, depositing a small portion in his bank account and taking the majority of the income check in cash. In tax year 2012, defendant **BOWMAN** transacted nine (9) income checks totaling $54,820 in this manner. Deposits to his bank account totaled only $3,320. In tax year 2013, defendant **BOWMAN** transacted seven (7) income checks totaling $33,040 in this manner. Deposits to his bank account

totaled only $2,040. Defendant **BOWMAN** transacted his income checks in this manner to thwart income tax collection actions and efforts by the IRS.

c.  Beginning on December 20, 2013 and continuing through September 8, 2014, defendant **BOWMAN** made deposits to his bank account followed by simultaneous withdrawals for twenty (20) income checks. The income checks totaled $95,974, but after withdrawals the deposits to his bank account totaled only $900. Defendant **BOWMAN** regularly withdrew large amounts of cash from his bank accounts and maintained minimum bank account balances to thwart income tax collection actions and efforts of the IRS.

All in violation of 26 U.S.C. § 7201.

## COUNT TWO
### (Willful Failure to File Return)
### (26 U.S.C. § 7203)

19.  Paragraphs One through Sixteen (16) of the Introductory Allegations are incorporated herein.

20.  During the calendar year 2010, defendant **MICHAEL EDWARD BOWMAN** had and received substantial taxable gross income; by reason of such gross income, defendant **BOWMAN** was required by law, following the close of the calendar year 2010 and on or before April 18, 2011, to make an income tax return to any proper officer of the Internal Revenue Service, stating specifically the items of his gross income and any deductions and credits to which he was entitled; well knowing and believing all of the forgoing, he did willfully fail, on or about April 18, 2011, in the District of Oregon and elsewhere, to make an income tax return.

All in violation of 26 U.S.C. § 7203.

/ / /

**INDICTMENT** – *United States v. Michael Edward Bowman*                                        **Page 6**

## COUNT THREE
### (Willful Failure to File Return)
### (26 U.S.C. § 7203)

21.     Paragraphs One through Sixteen (16) of the Introductory Allegations are incorporated herein.

22.     During the calendar year 2011, defendant **MICHAEL EDWARD BOWMAN** had and received substantial taxable gross income; by reason of such gross income, defendant **BOWMAN** was required by law, following the close of the calendar year 2011 and on or before April 17, 2012, to make an income tax return to any proper officer of the Internal Revenue Service, stating specifically the items of his gross income and any deductions and credits to which he was entitled; well knowing and believing all of the forgoing, he did willfully fail, on or about April 17, 2012, in the District of Oregon and elsewhere, to make an income tax return.

All in violation of 26 U.S.C. § 7203.

## COUNT FOUR
### (Willful Failure to File Return)
### (26 U.S.C. § 7203)

23.     Paragraphs One through Sixteen (16) of the Introductory Allegations are incorporated herein.

24.     During the calendar year 2012, defendant **MICHAEL EDWARD BOWMAN** had and received substantial taxable gross income; by reason of such gross income, defendant **BOWMAN** was required by law, following the close of the calendar year 2012 and on or before April 15, 2013, to make an income tax return to any proper officer of the Internal Revenue Service, stating specifically the items of his gross income and any deductions and credits to which he was entitled; well knowing and believing all of the forgoing, he did willfully fail, on or about April 15, 2013, in the District of Oregon and elsewhere, to make an income tax return.

All in violation of 26 U.S.C. § 7203.

## COUNT FIVE
### (Willful Failure to File Return)
### (26 U.S.C. § 7203)

25.     Paragraphs One through Sixteen (16) of the Introductory Allegations are incorporated herein.

26.     During the calendar year 2013, defendant **MICHAEL EDWARD BOWMAN** had and received substantial taxable gross income; by reason of such gross income, defendant **BOWMAN** was required by law, following the close of the calendar year 2013 and on or before April 15, 2014, to make an income tax return to any proper officer of the Internal Revenue Service, stating specifically the items of his gross income and any deductions and credits to which he was entitled; well knowing and believing all of the forgoing, he did willfully fail, on or about April 15, 2014, in the District of Oregon and elsewhere, to make an income tax return.

All in violation of 26 U.S.C. § 7203.

## COUNT SIX
### (Willful Failure to File Return)
### (26 U.S.C. § 7203)

27.     Paragraphs One through Sixteen (16) of the Introductory Allegations are incorporated herein.

28.     During the calendar year 2014, defendant **MICHAEL EDWARD BOWMAN** had and received substantial taxable gross income; by reason of such gross income, defendant **BOWMAN** was required by law, following the close of the calendar year 2014 and on or before April 15, 2015, to make an income tax return to any proper officer of the Internal Revenue Service, stating specifically the items of his gross income and any deductions and credits to

/ / /

**INDICTMENT –** *United States v. Michael Edward Bowman*                          **Page 8**

which he was entitled; well knowing and believing all of the forgoing, he did willfully fail, on or about April 15, 2015, in the District of Oregon and elsewhere, to make an income tax return.

All in violation of 26 U.S.C. § 7203.

Dated this **23** day of February 2017.

A TRUE BILL.

_____
OFFICIATING FOREPERSON

Presented by:

BILLY J. WILLIAMS
United States Attorney

DONNA BRECKER MADDUX, OSB #023757
Assistant United States Attorney

**INDICTMENT** – *United States v. Michael Edward Bowman*                    **Page 9**