MATTHEW SCHINDLER, OSB# 964190
501 Fourth Street #324
Lake Oswego, OR 97034
Phone: (503) 699-7333
FAX: (503) 345-9372
e-mail: mattschindler@comcast.net

ATTORNEY FOR DEFENDANT MICHAEL BOWMAN

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>vs.<br><br>MICHAEL BOWMAN,<br>Defendant(s). | Case No. 3:17-CR-00068-MO<br><br>**MOTION TO DIMISS INDICTMENT AND TO SEAL DOCKET ENTRY AND SUPERSEDING INDICTMENT** |

Defendant, Michael Bowman, through his attorney, Matthew Schindler, moves the Court to dismiss the first indictment filed against him (DKT 1). He furthers moves the Court to seal the docket as it relates to the first indictment. Finally, he moves the Court to seal the superseding indictment (DKT 32) against him until the Court has the opportunity to rule on his dispositive motions challenging the superseding indictment.

This motion is further based on the following memorandum of law.

//

## MEMORANDUM OF LAW

### 1. Procedural Background:

On February 23, 2017 the government filed a sealed indictment against Michael Bowman alleging tax offenses. *See* DKT 1.[1] Federal law enforcement arrested and transported Mr. Bowman to jail. *See* DKT 19. Mr. Bowman made his first appearance in federal court on February 24, 2017. *See* DKT 7. At that first appearance, as it routinely does, the government moved to unseal the indictment. Mr. Bowman objected to the unsealing of the indictment.

> "Minutes of Proceedings: First Appearance and Arraignment held before Magistrate Judge Youlee Yim You as to defendant Michael Edward Bowman (USM #80199-065) on 2/24/2017. ORDER appointing counsel: Fidel Cassino-DuCloux for Michael Edward Bowman. ORDER granting the Government's oral motion to unseal the case; defendant objects.
>
> *See* DKT 7.

The Indictment was unsealed over his objection. DKT 1. The Federal Public Defender's Office then discovered a conflict of interest and CJA counsel was substituted on March 13, 2017. DKT 12.

Despite a six year statute of limitations, the government obtained an indictment dated February 23, 2017 alleging that 1999 was the first year Michael Bowman criminally evaded the payment of taxes in violation of 26

---

[1] "DKT" refers to the Docket Number.

USC §7201. *See* DKT 1 at 2. The charging date is more than twenty years distant from the last time Michael Bowman filed a tax return acceptable to the government or paid any taxes. *Id. at 1.* Count 1 also makes the same allegations concerning the 2000, 2001, 2008, and 2009 tax years.

His allegedly criminal evasive conduct: cashing and depositing W-2 and 1099 income checks in his own name at his own bank in 2012 and 2013. *Id. at 4-5.* All of this income was contemporaneously disclosed to the IRS. *Id. at 1-3.* None of this comports with the applicable six year statute of limitations. None of it is evasion for the purposes of §7201.

On October 9, 2017 Mr. Bowman filed motions challenging the original indictment based on the statute of limitations and improper joinder. DKT 20, 21. On November 3, 2017 Mr. Bowman filed a motion challenging the indictment under the *Religious Freedom Restoration Act* 42 USC §2000bb-1. DKT 27, 28. The Court required the government to respond by November 20, 2017. DKT 26.

On November 20, 2017 the government sent an email to the defense stating in pertinent part: "You're right about one of these motions." It also filed a response to Mr. Bowman's motions explaining its intent to seek a superseding indictment. DKT 30. The government obtained a superseding

indictment on November 29, 2017. DKT 32. The court denied Mr. Bowman's motions as moot on November 30, 2017. DKT 34.[2]

At his arraignment on the superseding indictment, the government graciously allowed Mr. Bowman to appear via summons instead of the SWAT team and shackles. DKT 36. On December 13, 2017 Mr. Bowman was arraigned on the superseding indictment. DKT 38. Mr. Bowman moved the court to dismiss the original indictment (DKT 1) and to seal the superseding indictment (DKT 32) pending this Court's review of his revised dispositive motions. The magistrate judge denied the motion with leave to renew before the District Court. DKT 38.

## 2. Factual Background:

Mr. Bowman is self-educated software and systems engineer. He has no criminal history. Before he obtains employment with large companies that handle sensitive data and trade secrets, he is subject to a rigorous background check. *See Declaration of Michael Bowman attached as Exhibit 1 at 2.* In the summer of 2018 he was working with an employment firm which placed him with a large tech company. *Id.* He was scheduled to start on the following Monday. Before he could begin, he his employment firm called to explain that they had discovered something in the background

---

[2] Mr. Bowman is in the process of preparing motions to dismiss based on the revised superseding indictment. He intends to file those no later than January 17, 2017.

check that would disqualify him from the firm where he had been placed. *See Background Check* attached as *Exhibit 2.*

This was a firm that had specifically pre-selected him based on his resume. Mr. Bowman has no criminal history so he could not understand what had occurred. There is obviously no finding of any wrongdoing in this case. The agency provided Mr. Bowman a copy of the background check which revealed that there was a pending criminal matter in federal court and specifically referenced felony tax evasion and willful failure to pay. *See Exhibit 2* at 3. This was the basis for denying him employment. *See Exhibit 2* at 2. He was later denied another job because of the indictment. *Id.*

## LEGAL ARGUMENT

### 1. Summary of Argument:

A defective indictment (DKT 1) remains on ECF and remains in the public record. Why? Because of this an employment agency relied upon a flawed, superseded indictment to deny Mr. Bowman employment. Without work, Mr. Bowman will never be able to pay anything to anyone. *See Exhibit 1* at 2. Mr. Bowman requests that this indictment be dismissed and all record of it sealed.

Furthermore, it does not appear to Mr. Bowman as though anything was fixed by the government's superseding indictment. Despite a six year

statute of limitations, the government's allegations still begin with Mr. Bowman's 1999 tax year. *See Superseding Indictment* DKT 31 at 2, 4. Without alleging any continuous course of conduct, the government still suggests that Mr. Bowman cashing checks in his own name and at his own bank is felony tax evasion. *Id.* The indictment still fails to explain how that is evasive conduct related to his 1999 tax year. *Id.*

Because there are significant continuing questions about the validity of the superseding indictment, Mr. Bowman respectfully requests that the Court seal it until such a time when the Court can rule on Mr. Bowman's substantive challenges to the superseding indictment.

### 2. The District Court has the power to grant Mr. Bowman relief.

Basic fairness dictates that a flawed indictment should not be floating around in cyberspace prejudicing Mr. Bowman's ability to obtain employment while this matter is being litigated. We live in an era of unprecedented transparency where processing power has made nearly every bit of information about every living human being available for scrutiny. As the courts have transitioned to electronic case filing sensitivity regarding private information has increased dramatically. The courts are more careful than ever about what information is publicly available for download.

Experts in criminal justice know that the presumption of innocence means an indictment has no evidentiary value and that nothing regarding the defendant's guilt can be inferred from it. *See Ninth Circuit Model Jury Instruction §1.2 – Presumption of Innocence* ("The indictment simply describes the charge[s] the government brings against the defendant. The indictment is not evidence and does not prove anything.") Others, including Mr. Bowman's prospective employers, seem to be very reliant on a document that both didn't prove anything and didn't sufficiently allege anything that was a crime. Nevertheless, that flawed indictment ended up being the reason that Mr. Bowman was denied critical employment.

Setting aside basic due process, the District Court has the power to dismiss the flawed indictment filed against Mr. Bowman if the government will not. *United States v. Kott*, 135 F. App'x 69, 70 (9th Cir. 2005). Every Court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). In the absence of a government motion to do the same, Mr. Bowman requests that the Court dismiss the original indictment (DKT 1) and seal all reference to it in the docket.

**3. The current indictment (DKT 31) should be sealed until the Court has a chance to rule on dispositive motions challenging it.**

The defendant has already filed motions challenging the initial indictment which has now been superseded. *See* DKT 20, 21, 27. The superseding indictment requires small adjustments to those motions but nothing about the underlying substance of the arguments made in the motions that were already filed.

The problems that existed with the first indictment remain in the superseding indictment. Mr. Bowman anticipates filing his amended motions to dismiss by February 16, 2018. In the meantime, he requests that the Court exercise its supervisory powers and seal the superseding indictment until it rules on the dispositive motions in the case. There is no reason another flawed indictment should deny Mr. Bowman a job while this is being litigated.

Most frequently, of course, it is the government requesting that an indictment remain sealed when the defendant has not been arrested. The Federal Rules of Criminal Procedure specifically authorize the court to seal an indictment until the defendant's arrest or his release. FRCP 6(e). Nothing in that rule appears to require that the indictment be unsealed at that time or at any time.

Importantly, nothing in the Federal Rules of Criminal Procedure suggest any limitation on the District Court's authority to seal an indictment

no matter who initiates the request. If the Court has the power to seal an indictment on the government's motion, it follows that the Court has the power to seal an indictment if the defendant shows good cause.

### 4. Conclusion:

The only alleged victim in this case is the government and it waited nearly twenty years to prosecute Mr. Bowman. There is no harm to the public interest if this indictment is sealed until the District Court makes a determination that it may be brought in federal court. The public has no interest in knowing that Mr. Bowman has been charged in a bogus indictment with crimes that violate the statute of limitations and other federal statutes. The government should not be allowed to prospectively punish him through filings that have no evidentiary weight.

The Court should enforce the presumption of innocence that protects Mr. Bowman. Flawed government charging documents should not be let loose in cyberspace and used to deny him employment. Mr. Bowman requests that the Court dismiss the original indictment (DKT 1) and seal all reference to it in the docket. He further requests that the Court seal the superseding indictment for the reasons stated above.

Respectfully submitted on February 9, 2018.

_s/Matthew Schindler_
Matthew A. Schindler, OSB#964190
Attorney for Michael Bowman